IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **JOHNIE LEE POTTER and wife,** § | | |
| **MICAH POTTER,** § | | |
| § | | |
| **Plaintiffs** § | | |
| § | | |
| v. § | **CIVIL CASE NO:** | |
| § | | |
| **HARLEY-DAVIDSON MOTOR** § | **JURY DEMANDED** | |
| **COMPANY, INC., HARLEY-** § | | |
| **DAVIDSON MOTOR COMPANY** § | | |
| **GROUP, LLC, and CORPUS** § | | |
| **CHRISTI HARLEY-DAVIDSON** § | | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

COMES NOW, JOHNIE LEE POTTER and his wife, MICAH POTTER, (collectively, "Plaintiffs"), complaining of Defendants HARLEY-DAVIDSON MOTOR COMPANY, INC., HARLEY-DAVIDSON MOTOR COMPANY GROUP, LLC, and CORPUS CHRISTI HARLEY-DAVIDSON, and in support thereof, would show the Court as follows:

### I.

#### PARTIES

1. Plaintiffs Johnie Lee Potter and Micah Potter are husband and wife. They currently reside in Lexington, Kentucky, but resided in Marshall, Texas at the time of the incident made the basis of this suit.

2. Defendant Harley-Davidson Motor Company, Inc. is a Wisconsin corporation with its principal place of business located at 3700 W. Juneau Ave., Milwaukee, Wisconsin 53208. Harley-Davidson Motor Company, Inc. may be served with process by serving its registered agent

in the State of Texas, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

3.      Defendant Harley-Davidson Motor Company Group, LLC is a Wisconsin limited liability company and a wholly owned subsidiary of Harley-Davidson Motor Company, Inc.  Harley-Davidson Motor Company Group, LLC has its principal place of business at 3700 Juneau Ave., Milwaukee, Wisconsin 53208.  Harley-Davidson Motor Company Group, LLC may be served with process by serving its registered agent, CT Corporation System, at 301 S. Bedford St., Suite 1, Madison, Wisconsin 53703-3691.  Harley-Davidson Motor Company, Inc. and Harley-Davidson Motor Company Group, LLC are hereinafter referred to as "Harley-Davidson."

4.      Corpus Christi Harley-Davidson is an assumed name for Corpus Christi Cycle Sports, Inc., which is a Texas corporation with its principal place of business located at 502 South Padre Island Drive, Corpus Christi, Texas 78405.  Corpus-Christi Harley-Davidson may be served with process by serving its registered agent, S. Preston Douglass, Jr., at 502 South Padre Island Drive, Corpus Christi, Texas 78405.

## II.

### JURISDICTION AND VENUE

5.      This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiffs and Defendants are citizens of different states, and the amount in controversy exceeds $75,000.00, excluding interest and costs.  Venue is proper in the Marshall Division of the Eastern District of Texas pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in Marshall, Texas.

## III.

### FACTS

6.      On or about November 5, 2018, Harley-Davidson initiated a recall of certain motorcycles, including the CVO Street Glide, because the secondary clutch actuator cylinder may leak fluid internally and the clutch master cylinder may lose the ability to generate enough lift to disengage the clutch. If the clutch cannot be disengaged, it can result in a loss of control, thus increasing the risk of a crash.[1] Harley-Davidson notified owners of the recalled motorcycles that it would install a new secondary clutch actuator piston assembly free of charge. *Id*. On November 13, 2018, the owner of a 2017 Harley-Davidson CVO Street Glide, with the last four vehicle identification numbers being 5237 (the "Motorcycle") purportedly had the recall repair performed at Corpus Christi Harley-Davidson.

7.      On May 20, 2019, Johnie Lee Potter ("John") purchased the Motorcycle from Corpus Christi Harley-Davidson. The Motorcycle had 33,610 miles on it at the time John purchased it and the Motorcycle came equipped with front and rear anti-lock brakes.

8.      On June 15, 2019, not yet a month after he purchased the Motorcycle, John was riding it with a friend in the 3600 block of West Pinecrest Drive in Marshall when he noticed a car slowing down in front of him. At that time, John began braking and pulled in the clutch in order to downshift the gears to slow down. When he let off of the clutch, the gears and back wheel were locked up, and the Motorcycle began to skid. The Motorcycle then clipped the rear of the vehicle in front of John, and it left the roadway with John still riding it into the grass and dirt on the side of the road. Once the Motorcycle left the roadway, it hit a culvert and John and the Motorcycle went airborne. When the Motorcycle landed, John flipped off of it.

---

[1] https://www.nhtsa.gov/vehicle/2017/HARLEY-DAVIDSON/FLHXSE#recalls

9. John acted reasonably under the circumstances, and unfortunately, he could not control the Motorcycle once the gears locked up.  As a result of the wreck, John sustained severe injuries, including a dislocated and broken left arm, a torn rotator cuff, a broken bone in and dislocated fingers on his left hand, a collapsed and punctured lung, three broken ribs, four herniated discs, a broken toe, a broken right arm, and a dislocated finger on his right hand.  John had to have surgery on his rotator cut to reattach all of the muscles to his shoulder.

10. The cause of the June 15, 2019 wreck was due to the gears locking up on the Motorcycle. The Motorcycle was defectively designed, manufactured, and sold in such a condition as to be a danger to consumers, and specifically to John, in that 1) the clutch did not disengage which caused the gears to lock up and did not allow the back wheel to spin, and 2) the anti-lock brake system ("ABS") did not function as designed.  Alternatively, the alleged recall repair performed by Corpus Christi Harley-Davidson was performed negligently, and the possible dangers that necessitated the November 5, 2018 recall exhibited themselves when the Motorcycle's did not disengage and the gears locked up.

## IV.

### CAUSES OF ACTION

**A.    HARLEY-DAVIDSON**

**1.    Strict Products Liability**

11. The Motorcycle was designed, manufactured, constructed, marketed, and/or distributed by and through the agents or representatives of Harley-Davidson.  Harley-Davidson regularly engages in the business of supplying or placing products like the Motorcycle in the stream of commerce for use by the consuming public, including John.  Harley-Davidson's conduct was solely for commercial purposes.

12.     The Motorcycle and its clutch/ABS system remained unchanged from the time it was originally manufactured, distributed, and sold by Harley-Davidson until it was sold to John. Put simply, the Motorcycle was defective and in an unreasonably dangerous condition when it left Harley-Davidson's hands, and it remained defective and unreasonably dangerous at all times thereafter until it ultimately caused Plaintiffs' injuries and the attendant damages.

13.     At the time the Motorcycle was placed into the stream of commerce, it was, or should have been, reasonably expected and foreseeable that the driver of the Motorcycle would be required to engage the Motorcycle's gears braking system in a downshifting situation.  Further, it was, or should have been, reasonably expected and foreseeable that the Motorcycle's defective clutch and ABS system would cause the Motorcycle's back wheel to lock up or cease rotating and, thus, cause the Motorcycle to skid, fishtail, and/or fall over during operation of the Motorcycle.

14.     With respect to the design of the Motorcycle, at the time it left the control of Harley-Davidson, there were safer alternative designs available that would not allow the gears to lock up and the ABS to fail.  Further, such alternative designs were economically and technologically feasible at the time the Motorcycle left Harley-Davidson's control, as evidenced by the fact that Harley-Davidson new clutch actuator pistons and working ABS on its motorcycles.

15.     At the time the Motorcycle left the control of Harley-Davidson, it was defective and unreasonably dangerous within the meaning of §402A Restatement (Second) of Torts, in that it was not adequately designed, manufactured, assembled, tested, and/or marketed to minimize the risk of causing harm to the user or consumer's person and personal property. Specifically, the Motorcycle suffered from an unreasonably dangerous design and/or manufacturing defect that caused and resulted in the June 15, 2019 wreck and Plaintiffs' injuries and the attendant damages.

16.     The unreasonably dangerous and defective design and/or manufacture of the Motorcycle was a producing and proximate cause of Plaintiffs' damages sought herein.

**2.      Failure to Warn/Marketing Defect**

17.     At the time the Motorcycle left Harley-Davidson's control, and throughout the stream of commerce, it was defective and unreasonably dangerous in that Harley-Davidson failed to provide adequate warnings and instructions to customers and prospective customers that could reasonably be expected to catch the attention of a reasonably prudent person in the circumstances of the Motorcycle's intended or reasonably foreseeable uses.  Specifically, Harley-Davidson was negligent in failing to provide such warnings and instructions regarding the Motorcycle's clutch system and resulting lack of ABS that purchasers, such as John, would downshift and have the back wheel of their motorcycles lock up and stop rotating, thus initiating a skid.

18.     Harley-Davidson's failure to warn and/or instruct made the Motorcycle unreasonably dangerously defective and was a producing and proximate cause of Plaintiffs' damages sought herein.

**3.      Negligence**

19.     Harley-Davidson designed, manufactured, assembled, distributed, marketed, and sold the Motorcycle. As such, Harley-Davidson owed a specific duty to purchasers and users of the Motorcycle, including Plaintiffs, to use reasonable care and prudence in the design, manufacture, assembly, distribution, marketing, and sale of the Motorcycle.  However, Defendant was negligent in the design, manufacture, assembly, distribution, marketing, and/or sale of the Motorcycle, and thus breached its duty of reasonable care and prudence, in the following ways:

    a.     Planning, designing, assembling, manufacturing, distributing and/or selling a Motorcycle that does not accomplish its intended purposes;

      b.      Planning, designing, assembling, distributing, manufacturing and/or selling a Motorcycle with a defective clutch system and non-working ABS brakes;

      c.      Planning, designing, assembling, distributing, manufacturing and/or selling a Motorcycle with a defective clutch system and non-working ABS brakes;

      d.      Planning, designing, assembling, distributing, manufacturing and/or selling a Motorcycle that was unsafe;

      e.      Planning, designing, assembling, distributing, manufacturing and/or selling a Motorcycle that was unfit for its foreseeable uses;

      f.      Failing to exercise reasonable care in the planning, designing, assembling, manufacturing, distributing, and/or selling of the Motorcycle;

      g.      Failing to conduct reasonable testing and inspection of the Motorcycle prior to placing it in the stream of commerce;

      h.      Negligently supervising the design, manufacture, assembly, distribution, and sales processes; and

      i.      Other acts of negligence.

20. These acts of negligence, individually and/or collectively, were a producing and proximate cause of the damages Plaintiffs now seek to recover.

**B.**    **CORPUS CHRISTI HARLEY-DAVIDSON**

**1.**    **Negligence**

21. Alternatively, Corpus Christi Harley-Davidson performed the recall repair on November 13, 2018. At the time the repair was performed and ultimately sold to John, Corpus Christi Harley-Davidson represented that the repairs were done and that the Motorcycle was a "proper representation" of a 2017 CVO Street Glide.

22. Less than a month after John purchased the Motorcycle, the exact problem described in the November 5, 2018 recall occurred when John was riding the Motorcycle. When Corpus Christi Harley-Davidson allegedly performed the recall repair, it owed a specific duty to purchasers and users of the Motorcycle, including John, to use reasonable care and prudence when performing the recall repair. However, Corpus Christi Harley-Davidson was negligent in performing the recall repair on the Motorcycle, and thus breached its duty of reasonable care and prudence, in the following ways:

    a. Repairing the Motorcycle in a manner that did not accomplish its intended purposes;

    b. Repairing the Motorcycle in a manner that did not ultimately repair the defective clutch system;

    c. Repairing the Motorcycle in a manner that rendered it unsafe;

    e. Repairing the Motorcycle in a manner that rendered it unfit for its foreseeable uses;

    f. Failing to exercise reasonable care in the selling of the Motorcycle;

    g. Failing to conduct reasonable testing and inspection of the Motorcycle prior to placing it in the stream of commerce;

    h. Negligently supervising the recall repair of the Motorcycle; and

    i. Other acts of negligence.

23. These acts of negligence, individually and/or collectively, were a proximate cause of the damages Plaintiffs now seek to recover.

## V.

### DAMAGES

24. As a proximate result of June 15, 2019 incident, John suffered a severe and disabling injuries. Specifically, John suffered:

   a. Physical pain and suffering in the past, and will continue to suffer same into the future;

   b. Mental pain, anxiety, loss of enjoyment of life, embarrassment, inconvenience, humiliation, fear, anger, emotional distress and anguish in the past, and will continue to suffer same into the future;

   c. Physical impairment which he has suffered in the past and will continue to suffer into the future;

   d. Medical expenses sustained in the past and will continue to suffer same into the future;

   e. Loss of earning capacity sustained in the past and will continue to suffer same into the future; and

   f. Disfigurement which he has suffered in the past and will continue to suffer into the future.

25. All damages were the proximate result of the defective and unreasonably dangerous Motorcycle manufactured by Harley-Davidson and/or the negligence of Corpus Christi Harley-Davidson.

26. As a proximate result of the defective and unreasonably dangerous Motorcycle manufactured by Harley-Davidson and/or the negligence of Corpus Christi Harley-Davidson,

Micah Potter has suffered and will, in reasonable probability, suffer the following damages in the future:

 a. Mental pain, anxiety, emotional distress and anguish; and

 b. Loss of companionship and society.

## VI.

### PRAYER

FOR THESE REASONS, Plaintiffs Johnie Lee Potter and Micah Potter respectfully pray that on final trial of this cause, they have judgment for their damages against Defendants, pre-judgment and post-judgment interest as provided by law, costs of suit, and such other and further relief at law and in equity to which Plaintiffs may show themselves justly entitled.

Dated: June 7, 2021           Respectfully submitted,

                  By: */s/ Kenneth C. Goolsby*
                     Kenneth C. Goolsby
                     State Bar No. 24003668

                  **BOON CALK ECHOLS COLEMAN & GOOLSBY, PLLC**
                  1800 N.W. Loop 281, Suite 303
                  Longview, TX 75604
                  Telephone: (903) 759-2200
                  Facsimile: (903) 759-3306
                  Email: casey.goolsby@boonlaw.com

                  ***ATTORNEYS FOR PLAINTIFFS JOHNIE LEE POTTER and MICAH POTTER***